```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA         :
                                              ORDER
        - against -               :
                                              04 Cr. 1060(DC)
CHRISTOPHER WHEELER,             :

              Defendant.         :

- - - - - - - - - - - - - - - - -x
```

**CHIN, Circuit Judge**:

By letter dated July 19, 2020, defendant Christopher Wheeler moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The government opposes the motion.

In the absence of a compassionate release motion by the Director of the Bureau of Prisons, a court may not modify a defendant's term of imprisonment unless: (i) the defendant has exhausted available administrative remedies to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or (ii) 30 days have passed from the receipt of such a from the defendant request by the warden of the defendant's facility.  18 U.S.C. § 3582(c)(1)(A).

Wheeler asserts that he filed a request for compassionate release with the warden of USP Atwater on May 18, 2020.  D. Ct. Dkt. No. 17.  The Government disputes this, noting that BOP advises that USP Atwater has not received a

compassionate release request from Wheeler.  D. Ct. Dkt. No. 20. The government argues that therefore, Wheeler failed to exhaust his administrative remedies as statutorily required.  Id. Without deciding the exhaustion issue, I deny the motion on its merits.

In the event that the procedural requirements above have been met, a district court may reduce a defendant's term of imprisonment where it finds "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).  The Second Circuit has held that the First Step Act of 2018 "allows [district] courts independently to determine what reasons, for purposes of compassionate release, are extraordinary and compelling" and that the BOP Director is no longer the sole arbiter in determining whether the threshold is met.  See United States v. Brooker (Zullo), No. 19-3218, 2020 WL 5739712, at *5 (2d Cir. Sept. 25, 2020).

Wheeler argues that the delay in his transfer to a medium-security facility due to the pandemic and "nationwide riot and protests" is an extraordinary and compelling reason for reducing his sentence and granting him an immediate release.  D. Ct. Dkt. No. 17;  His argument is unavailing.

I appreciate that the current situation has led to frustrating and difficult delays in the prison system.  I am

also sensitive to the "grave and enduring" challenges stemming from the pandemic, which has forced the BOP to operate under modified procedures and processes to maintain the safety of the BOP's inmate population and staff.  See Federal Defenders of New York, Inc. v. Federal Bureau of Prisons, 954 F.3d 118, 135 (2d Cir. 2020).

In this context, Wheeler's complaint about delays in prison transfers, lacking any specific references to personal health concerns linked to the current pandemic, is not an extraordinary and compelling reason that warrants a reduction of his sentence.  Wheeler's general references to "nationwide riot and protests" is similarly unavailing.

Accordingly, Wheeler's motion is DENIED.

SO ORDERED.

Dated:   New York, New York
         October 20, 2020

                                    s/Denny Chin
                                    DENNY CHIN
                                    United States Circuit Judge
                                    Sitting By Designation